# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

GARY L. MOORE,

      **Debtor.**

**Bankruptcy Case No. 05-40085**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

      Paula Brown Sinclair, Twin Falls, Idaho, Attorney for Debtor.

      R. Sam Hopkins, Pocatello, Idaho, Trustee.

## Background

The Chapter 7 Trustee, R. Sam Hopkins, filed an objection to Debtor Gary Moore's claim of exemption as to his woodworking tools as "tools of the trade" under Idaho Code § 11-605(3). Docket No. 15. The crux of Trustee's argument is that Debtor, a former self-employed furniture maker, no longer works in that trade. Debtor responded by arguing that he had been a woodworker for

MEMORANDUM OF DECISION - 1

thirty years, and his current job selling windows is temporary, so he should be allowed to exempt his tools. Docket No. 16. The Court conducted a hearing on May 23, 2005, at which the parties appeared and presented evidence and testimony. Docket No. 20. At the conclusion of the hearing, the Court took the issues under advisement. Minutes, Docket No. 20.[1]

### Facts

Debtor supported his family for over thirty years by designing and making furniture for a living. During his career, Debtor accumulated a variety of tools that he used to create the pieces he sold.[2] Debtor rented shop space in which to work. Although he earned only a modest annual income of, at most, $24,000, *see* Response to Question No. 1, Statement of Financial Affairs, Docket No. 11, Debtor enjoyed his work.

Unfortunately, Debtor injured his shoulders in 2003. As a result, his business suffered financially and he fell behind on his shop rent in 2004. To

---

[1] This Memorandum constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014. In making its findings of fact, the Court relied upon its opportunity to observe Debtor testify, and has assessed his credibility and assigned the proper weight to that testimony.

[2] The tools Debtor claimed as exempt include air compressors, various saws, sanders, planers, drills, nail guns, a joiner, a lathe, and office equipment that includes a computer, filing cabinet, microwave and an office refrigerator. Schedule C, Docket No. 11; Obj., Docket No. 15.

MEMORANDUM OF DECISION - 2

overcome those problems, Debtor accepted a position as a window salesman at Glass Masters in October 2004. Debtor continued to build furniture in his shop, working nights and weekends, until his landlord evicted him in December 2004 because he could not pay the rent. Without shop space, Debtor put his tools in storage and discontinued his furniture business. He filed for relief under Chapter 7 of the Bankruptcy Code on January 24, 2005.

Debtor continues to work at Glass Masters and currently earns over $50,000 per year, more than he ever earned as a self-employed carpenter. Schedule I, Docket No. 11. But Debtor testified he derives little enjoyment from his job selling windows and desires to return to carpentry. Although he has not done so yet, Debtor hopes to find another shop to rent and to rebuild his furniture business. His plan is to keep his job at Glass Masters and work nights and weekends until his carpentry business is again profitable enough to support him.[3] At that point, he says he will leave his job at Glass Masters.

However, there are complications surrounding Debtor's plan to return to carpentry. He underwent rotator cuff surgery on both shoulders on February 22, 2005, and although he reports that he is feeling better, Debtor's physician has not released him to return to carpentry work. Debtor may be

---

[3] Debtor has no dependents.

MEMORANDUM OF DECISION - 3

required to undergo physical therapy before he can regain full function in his shoulders. And although Debtor feels there will be a high demand for his skills, he currently has no firm commitments from prospective clients.

## Disposition

Idaho has "opted-out" of the federal bankruptcy exemptions, and its citizens are limited to the exemptions allowed under state law. 11 U.S.C. § 522(b); Idaho Code § 11-609. While exemption statutes are to be liberally construed in favor of the debtor, *In re Duman*, 00.3 I.B.C.R 137, 137 (Bankr. D. Idaho 2000), the statutory language may not be "tortured" in the guise of liberal construction. *In re Collins*, 97.3 I.B.C.R. 78, 79 (Bankr. D. Idaho 1997). As the objecting party, Trustee bears the burden of proving the claimed exemption is not proper. Fed. R. Bankr. P. 4003(c)

In Idaho, an individual may claim an exemption "not exceeding one thousand five hundred dollars ($1,500) in aggregate value, of implements, professional books, and tools of the trade . . . ." Idaho Code § 11-605(3). Debtor argues that his carpentry tools should be exempt as tools of his trade, even though he was working, quite successfully, as a window salesman on the date he filed for bankruptcy. He asserts that his present job is merely temporary, while his work as a carpenter is a lifelong occupation to which he intends to return as soon as he is

MEMORANDUM OF DECISION - 4

physically and financially able.  Trustee's position is that because Debtor currently earns a substantial income, more than he ever did as a carpenter, Debtor's plan to return to carpentry is unrealistic and not necessary for Debtor's continued financial support.

Prior decisions of this Court support Trustee's position that one of the primary components in analyzing whether a debtor is entitled to exempt tools of the trade is whether the debtor truly needs those tools for the debtor's financial support.  For example, in *In re Fancher*, 94 I.B.C.R. 39, 39 (Bankr. D. Idaho 1994), the Court explained that while the exemption statute must be liberally construed in the debtor's favor, an item claimed as exempt must be actually utilized by the debtor in earning a living and it must be necessary for the debtor to participate in a trade or profession.  Of course, the extent of the "necessity" requirement depends upon the debtor's particular employment circumstances and financial needs.

When the debtor's occupation is easily defined by reference to a single pursuit, the Court has considered whether the item is "necessary for the debtor's continued employment." *In re Biancavilla*, 94 I.B.C.R. 150, 151–52 (Bankr. D. Idaho 1994) (citing *In re Ackerman*, 91 I.B.C.R. 26, 27–28 (Bankr. D. Idaho 1991)).  In *Biancavilla*, the debtor worked as an engineer for a computer

MEMORANDUM OF DECISION - 5

firm.  The debtor's employer provided the software that he used on his personal computer so he could work at home, and the debtor actually used his home computer for that purpose.  In that case, the Court allowed the debtor to exempt his home computer because the debtor's employer provided the software and expected the debtor to utilize his computer to work at home.  Therefore, the Court concluded that the computer was necessary for the debtor's continued employment.  *Biancavilla*, 94 I.B.C.R. at 152.  *See also Fancher*, 94 I.B.C.R. at 39 (holding that a Karaoke machine was not necessary in connection with the debtor's occupation as a bar or restaurant manager); *In re Moon*, 89 I.B.C.R. 26, 29 (Bankr. D. Idaho 1989) (holding that a VCR, television and video tapes were exempt tools of the trade when the debtor operated a day care facility out of her home and demonstrated that these items were necessary for her business).

In cases where a debtor has more than one trade or occupation, the Court has required not only that the tools in question be necessary for the debtor to continue in a chosen occupation, but also that the income generated from the occupation in which the tools are used be necessary for the debtor's continued financial support.  In *In re Liebe*, 92 I.B.C.R. 145, 146 (Bankr. D. Idaho 1992), the debtor held two jobs.  While the debtor had worked primarily as a school teacher for many years, he supplemented his teaching income by working as a carpenter

MEMORANDUM OF DECISION - 6

on the weekends and during the summer. Holding that the debtor's carpentry tools were exempt, the Court explained that the tools of the trade exemption was "designed to protect a debtor's ability to earn a living . . . Exemptions are important to a debtor's ability to achieve a fresh start under the bankruptcy laws . . . [, but should not be used to] 'subvert the legislature's intent that this fresh start not be at the expense of the debtor's creditors.'" *Liebe*, 92 I.B.C.R. at 146 (internal citations omitted).

The Court relied upon the *Liebe* reasoning in *In re Sievers*, 96.1 I.B.C.R. 5 (Bankr. D. Idaho 1996). There, the debtor supplemented the income she earned as a full-time employee at a computer firm by providing lawn care services on the weekends. She sought to exempt a lawn mower, a "weed-eater" and computer equipment. Because the debtor demonstrated she required the extra income for her financial support, the Court decided the Idaho statute allowed her to exempt her lawn mower and trimmer as tools of the trade, since those items were necessary to her continued employment as a lawn care provider. *Sievers*, 96.1 I.B.C.R. at 5. However, the Court denied the debtor's exemption claim in a computer, printer and desk, even though she used those items in her business, because while helpful, those items were not actually necessary for her to maintain the small amount of paperwork the lawn care business generated. *Id. See also In*

MEMORANDUM OF DECISION - 7

*re Robinson*, 206 F. 176, 178 (D. Idaho 1913) (allowing an exemption in a variety of tools used to perform several trades because the debtor was a "jack of all trades" and his livelihood depended upon his earnings in all of his occupations); *In re Luther*, 80 I.B.C.R. 16, 17 (Bankr. D. Idaho 1980) (disallowing an exemption claimed in a boat as a tool of the trade when river touring was not the debtor's principal occupation).

Debtor's thirty-year employment history as a furniture builder can not be overlooked. When the facts are viewed fairly, Debtor has established that he has two "trades." Debtor is not only a window salesman, he is also a carpenter. And the record is clear that the tools in question are essential, and that he actually used them, to pursue his career as a carpenter.

Even so, in this context, Debtor suffers from his good fortune. Debtor's employment selling windows is decidedly more lucrative than his furniture business has ever been. And while Debtor may enjoy carpentry more than window sales, Debtor has not shown that any income he may derive from a return to woodworking is necessary to his ability to earn a living. In other words, the evidence shows that by continuing in his present position at Glass Masters, Debtor can clearly achieve the fresh start that the Bankruptcy Code and the Idaho

MEMORANDUM OF DECISION - 8

exemption statutes were designed to promote, without any need that Debtor operate a carpentry business.

In addition, the evidence demonstrates that Debtor's prospects for returning to his woodworking business are, at this point, indefinite. Debtor was not engaged in his woodworking business at the time of filing for bankruptcy because he had no shop and his physician had not approved his return to physical labor. While the Court shares Debtor's hopes to the contrary, as a result of his surgery Debtor may not ever be able physically to generate an adequate income as a carpenter. He testified that he will probably undergo physical therapy, with no guarantee that he would return to previous production levels because of his physical limitations. And even if his health allows him to build furniture at some future point, Debtor has not located alternative shop space and has received only a few inquiries about his work. Given the evidence, the Court is not persuaded that Debtor's prospects for a return to woodworking are good.

## Conclusion

Debtor deserves no criticism for his desire to pursue the trade he loves, even at a reduced income. But while Debtor can choose personal satisfaction over financial rewards, his creditors should not be compelled to finance his decision. The Bankruptcy Code and exemption statutes guarantee

MEMORANDUM OF DECISION - 9

Debtor a fresh start.  In this case, Debtor can realize that goal without his carpentry tools.

Trustee's objection to Debtor's claim of exemption in his carpentry tools as exempt "tools of the trade" will be sustained and the exemption claim will be disallowed by separate order.

Dated: June 30, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge